UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINCARE, INC.,

    Plaintiff,                                       Case No: 8:20-cv-01002-WFJ-AAS

vs.

ESTHER D. TINKLENBERG

    Defendant.
_____/

## **DEFENDANT ESTHER D. TINKLENBERG'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES AND PRODUCTION OF DOCUMENTS**

Defendant, ESTHER D. TINKLENBERG ("TINKLENBERG" or "Defendant"), by and through her undersigned counsel, files this Motion to Compel Supplemental Responses and Production of Documents and states as follows:

### I.    **INTRODUCTION**

Despite TINKLENBERG'S attempts to advance this case in a logical manner, Plaintiff, LINCARE, INC. ("LINCARE" or "Plaintiff"), has failed to provide adequate responses to discovery requests and produce responsive documents.

TINKLENBERG served its First Set of Interrogatories and First Request for Production on May 21, 2020. Based on a Joint Expedited Discovery Plan, the parties agreed on a fifteen (15) day response time. TINKLENBERG received Plaintiff's Objections and Responses on June 5, 2020. Defendant received the actual documents responsive to the Requests to Produce on June 10 2020. The undersigned conferred with Plaintiff's counsel on June 12, 2020, noting the deficiencies in their document production and numerous responses to interrogatories. Specifically, TINKLENBERG asked Plaintiff to confirm whether they maintain their objections

to numerous Requests and certain responses to Interrogatories. However, due to the fact Plaintiff has failed to amend such responses to supplement its production, Plaintiff has failed to comply with their obligations pursuant to the Federal Rules of Civil Procedure, and as such, TINKLENBERG seeks relief from the Court.

II. **STANDARD OF LAW**

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Jones v. Z.O.E. Enters. of Jax*, 2012 U.S. Dist. LEXIS 104768, at *2 (M.D. Fla. July 27, 2012) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)). When a party serving discovery does not receive an adequate response, then the serving party may request an order compelling disclosure. *Arthrex, Inc. v. Parcus Med.*, 2012 U.S. Dist. LEXIS 124173, at *2 (M.D. Fla. Aug. 31, 2012); Fed. R. Civ. P. 37(a).

III. **ARGUMENT**

The specific discovery responses that TINKLENBERG moves to compel at this time and TINKLENBERG's reasons to compel are as follows:

i. **Response to INTERROGATORIES Nos. 3 and 13 and Requests for Production #3, 9, 11, 12 and 13**

Defendant moves to compel more complete responses to Interrogatories #3 and 13 and Requests for Productions #3, 9, 11, 12 and 13 due to the fact such information is critical to enable Defendant to defend from Plaintiff's claims. This is due to to the fact all such interrogatories and requests for production seek information directly related to the calculation of bonuses to which TINKLENBERG is entitled but which Plaintiff has failed to provide.

TINKLENBERG does not believe that she was appropriately paid bonuses that she earned and that were promised to her.

As initial matter, Plaintiff has waived its objections by objecting and then going on to respond. Courts in the Eleventh Circuit have found that whenever an answer accompanies an objection, the objection is deemed waived. *Sewell v. D'Alessandro & Woodyard, Inc.*, 2011 WL 1232347, at *2 (M.D. Fla. Mar. 30, 2011) (holding that an objection is waived "in the case where the party filed an objection and then answered the question in spite of the objection"). The court in *Sewell* explained that the rules do not on their face give a party the option to object to a question or request but then answer. *Id.* "Furthermore, answering subject to an objection lack any rational basis [as] there is either a sustainable objection to a question or there is not. *See also Mann v. Island Resorts Development, Inc.*, 2009 WL 6409113 (N.D. Fla. Feb. 21, 2009) (explaining that objecting but answering subject to the objection is not one of the allowed choices under the Federal Rules). In this case, Plaintiff has waived their objections by citing a boilerplate objections and then answering the interrogatory or request for production.

Additionally, when an employer breaches the employment agreement first, the non-breaching employee is discharged of their contractual liability. *Colucci v. Kare Automotive Group, Inc.*, 918 So. 2d 431, 437 (Fla. 4th DCA 2006). Specfically, "[i]n Florida, if the employer wrongfully refuses to pay the employee his compensation, the employee is relieved of any further obligation under the non-compete contract and the employer cannot obtain an injunction." *United Subcontractors, Inc. v. Godwin*, No. 11-81329-CIV, 2012 WL 15931173, at *5 (S.D. Fla. Feb. 3, 2012); see *also North American Products Corp. v. Moore*, 196 F.Supp.2d 1217, 1224 (M.D. Fla. 2002) ("Under Florida law where the employer has materially breached an employment agreement by failing to pay the discharged employee compensation owed under

the employment contract, the employee is relieved of any further obligation under the contract and the employer cannot obtain an injunction.").

Likewise, under Florida law, where an employer has failed to pay the employee all compensation (salary, bonuses or commission) due under the employment contract, the employer has no standing in equity. *Bradley v. Health Coalition, Inc.*, 687 So. 2d 329, 333 (Fla. 3rd DCA 1997) (reversing a temporary injunction and finding that "the defending party may offer the defense that the moving party has materially breached its obligations under the contract" and that "if the employer wrongfully refuses to pay the employee his compensation, the employee is relieved of any further obligation under the contract and the employer cannot obtain an injunction"); *see also Norther Trust Investments, N.A. v. Domino*, 896 So. 2d 880, 882 (Fla. 4th DCA 2005) (holding that the plaintiff did not show a substantial likelihood of success on the merits because it did not dispel [the defendant's] claim that the plaintiff breached the employment agreement first by not adequately paying the defendant their bonus); *Benemerito & Flores, M.D.'s, P.A. v. Roche*, 751 So. 2d 91, 93 (Fla. 4th DCA 1999) ("'A party is not entitled to enjoin the breach of a contract by another, unless he himself has performed what the contract requires of him so far as possible; if he himself is in default or has given cause for nonperformance by defendant, he has no standing in equity.'").

Based on the foregoing, information and evidence regarding Plaintiff's compensation and bonus structure is relevant to prove that Plaintiff breached their obligations to Defendant and, pursuant to applicable law, relieved Defendant of any contractual obligations arising from the Key Employment Agreement. As the evidence sought through the below interrogatories and requests for production will prove, Plaintiff has wrongfully refused to pay Defendant the bonuses to which she was entitled and therefore comes before this Court, seeking an action in equity, with

unclean hands. Accordingly, Defendant requests an order compelling Plaintiff to fully respond to the following Interrogatories and Requests for Production:

**Interrogatory No. 3 and Lincare's Response:**

> 3. Please describe in detail the bonus structure for each position held by Tinklenberg during her employment with Lincare, Inc., including but not limited to the individuals responsible for implementing and/or overseeing such bonus structure and include the amount of each bonus for Tinklenberg for the years 2019 and 2020 along with the calculations utilized to arrive at each of those numbers.
>
> *PLAINTIFF'S RESPONSE*: *Lincare also objects to the interrogatory on the grounds that it exceeds the scope of permissible discovery under the Joint Expedited Discovery Plan limiting expedited discovery to the issues directly relevant to the pending Motion for Preliminary Injunction and defenses raised by Defendant. The bonus structure for Defendant, the individuals who were responsible for implementing or overseeing such bonus, the amounts of such bonuses, or the calculations utilized to calculate those numbers has no relevance to the Motion for Preliminary Injunction nor the defenses raised by Defendant. Subject to and without waiving its objections, Lincare states that Defendant was expressly provided continued employment in 2013, and paid a lump sum of $102,752 in exchange for her agreement to the terms of the Key Employee Confidentiality and Restrictive Covenant Agreement. Defendant \Vas also eligible to receive a discretionary bonus which was generally awarded on a quarterly basis. The amount of the bonus was determined based on company performance, her personal performance, her team's or division's performance, and other factors. The specific amount of her bonus was determined by her immediate supervisor Steve Bower and approved by company management.*

**DEFENDANT'S ARGUMENT:** **It is critical that Defendant receive a detailed explanation of Plaintiff's bonus structure in order to ascertain the amount of any bonus to which Defendant was/is entitled. Accordingly, based on the legal precedent set forth above, Defendant requests this Court enter an order compelling Plaintiff to fully respond to Interrogatory #3.**

**Interrogatory No. 13 and Lincare's Response:**

> 13. Please identify the 2019 and 2020 EBITDA bonus thresholds, for each position held by Tinklenberg during such years and please identify the calculations utilized to arrive at each number.

*PLAINTIFF'S RESPONSE: Lincare also objects to the interrogatory on the grounds that it exceeds the scope of permissible discovery under the Joint Expedited Discovery Plan limiting expedited discovery to the issues directly relevant to the pending Motion for Preliminary Injunction and defenses raised by Defendant. The bonus thresholds, calculations utilized to calculate such bonus thresholds, and the amount of bonus awarded have no relevance to the Motion for Preliminary Injunction nor the defenses raised by Defendant. Subject to and without waiving its objections, Lincare states that Tinklenberg was expressly provided continued employment in 2013, paid a lump sum of $102,752 in exchange for her agreement to the terms of the Key Employee Confidentiality and Restrictive Covenant Agreement, and that the bonuses she was awarded were discretionary and not purely formulaic and she was not entitled to receive a bonus at all, let alone in a specific amount, beyond what was awarded within Lincare's discretion.*

**DEFENDANT'S ARGUMENT: As was conveyed to Defendant throughout "her 22-year career with Lincare," any bonus to which an employee is entitled is directly related to the EBITDA threshold for such position. Accordingly, Defendant seeks all such bonus thresholds in order to again ascertain the amount of any bonus to which Defendant was/is entitled.** *Plaintiff's Response to Defendant's Interrogatory No.2.* **Therefore, based on the legal precedent set forth above, Defendant requests this Court enter an order compelling Plaintiff to fully respond to Interrogatory #13.**

### RESPONSE TO REQUESTS FOR PRODUCTION

**RFP No. 3 and Lincare's Response:**

Please provide all documents sufficient to show the bonus structure for each position held by Tinklenberg during her employment with Lincare, Inc., including all documents sufficient to show the amount of each of Tinklenberg's bonuses for the years 2019 and 2020, as well as the calculations utilized to arrive at each of those bonuses for the years 2019 and 2020.

*PLAINTIFF'S RESPONSE: Plaintiff objects to this request on the grounds that the bonus structure of its employees is confidential and proprietary information that is not relevant to any issue in the case, let alone the request for a preliminary injunction. Plaintiff also objects to this request on the grounds that "all documents sufficient to show" is vague and internally inconsistent. To the extent Defendant seeks "all documents" the request is overbroad and imposes a burden that is disproportionate to the needs of this case and exceeds the scope of the Joint Expedited Discovery Plan that was agreed to by the Parties. Finally, the bonus structure and the information utilized to calculate any bonus awarded is not relevant to any issue before*

*the court. Subject to and without waiving its objections, Plaintiff will produce documents showing the amount of bonuses paid to Tinklenberg for the period of 2018 through the present.*

**DEFENDANT'S ARGUMENT: Again, such information is critical for Defendant to ascertain the amount of any bonus to which Defendant was/is entitled. Likewise, as set for below, this request contains impremissbile boilerplate objections, which lack the specificity requeired by the local rule for the Middle District of Florida. Accordingly, for the reasons set for in this motion, Defendant requests this Court enter an order compelling Plaintiff to fully respond to Request to Produce #3.**

RFP No. 9 and Lincare's Response:

> 9. Please provide all documents sufficient to show all of the quarterly EBITDA bonus thresholds for Tinklenberg for the years 2019 and 2020.
>
> *PLAINTIFF'S RESPONSE: Plaintiff objects to this request on the grounds that the quarterly bonus thresholds and the basis for calculating such bonuses or for calculating the EBITDA for Plaintiff is confidential and proprietary information that is not relevant to any issue in the case, let alone the request for a preliminary injunction. Plaintiff also objects to this request on the grounds that "all documents sufficient to show" is vague and internally inconsistent. To the extent Defendant seeks "all documents" the request is overbroad and imposes a burden that is disproportionate to the needs of this case and exceeds the scope of the Joint Expedited Discovery Plan.*

**DEFENDANT'S ARGUMENT: As stated above, during Defendant's "22-year career with Lincare," it was understood that any bonus to which an employee is entitled is directly related to the EBITDA threshold for such position. Accordingly, Defendant seeks documents related to the calculation of such bonus thresholds in order to ascertain the accuracy thereof and, additionally, any bonus to which Defendant was/is entitled. Likewise, as set for below, this request contains impermissible boilerplate objections. Accordingly, for the reasons set for in this motion, Defendant requests this Court enter an order compelling Plaintiff to fully respond to Request to Produce #9.**

**RFP No. 11 and Lincare's Response:**

Please provide the EBITDA bonus spreadsheets for each quarter of 2019 and 2020.

*PLAINTIFF'S RESPONSE: Plaintiff objects to this request on the grounds that the requested documents are confidential and proprietary information that is not relevant to any issue in the case, let alone the request for a preliminary injunction.*

**DEFENDANT'S ARGUMENT: See Defendant's objection to Request to Produce #9.**

**RFP No. 13 and Lincare's Response:**

13. Please provide any and all communications between Greg McCarthy and any other individual regarding Tinklenberg's compensation (including bonuses) for the years 2019 and 2020.

*PLAINTIFF'S RESPONSE: Plaintiff objects to this request on the grounds that the request for any and all communications regarding Tinklenberg's compensation for two years seeks documents that are not relevant to any issue in this case, let alone issues relevant to the motion for preliminary injunction, and therefore imposes a burden that is disproportionate to the needs of the case and inconsistent with the Joint Expedited Discovery Plan.*

**DEFENDANT'S ARGUMENT: The communications sought in Request to Produce #13 are directly relevant to the preliminary injunction and proportional to the needs of the case due to the fact such communication will illuminate the internal conversations and calculations utilized to arrive at Defendant's bonus for the specified time frame. Therefore, for the reasons set forth above, Defendant requests this Court enter an order compelling Plaintiff to fully respond to Request to Produce #13.**

    ii.    **Request for Production #10**

**RFP No. 10 and Lincare's Response:**

10. Please provide all documents sufficient to show Lincare's current number of pediatric invasive ventilator patients.

*PLAINTIFF'S RESPONSE: Plaintiff objects to this request on the grounds that "all documents sufficient to show" is vague and internally inconsistent. To the extent Defendant seeks "all documents" the request is overbroad and imposes a burden that is disproportionate to the needs of this case and exceeds the scope of the Joint*

> *Expedited Discovery Plan. Plaintiff also objects on the grounds that the number or identity of its clients in any particular area is confidential and proprietary information that is not relevant to any issue in the case.*

**DEFENDANT'S ARGUMENT**: Although Plaintiff's object on the basis of relevancy, under the Federal Rules of Civil Procedure and the Middle District of Florida handbook, such information is relevant to the preliminary injunction. Under Rule 26, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case." Further, Plaintiff's objections and responses violate the following sections of the handbook on civil discovery practice in the United States District Court, Middle District of Florida, which state:

> **III A. 6** - Objections. **Attorneys should not make objections solely to avoid producing documents that are relevant to the case or that are otherwise necessary to discover or understand those the issues**. Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel. **Objections to requests for production should be specific, not generalized, and should be in compliance with the provisions of Rule 34(b), Federal Rules of Civil Procedure. Objections to portions of a document request do not excuse the responding party from producing those documents to which there is no objection. Specific objections should be matched to specific requests. General or blanket objections should be used only when they apply to every request. Boilerplate objections such as "the request is overly broad, unduly burdensome, and outside the scope of permissible discovery" are insufficient without a full, fair explanation particular to the facts of the case**.
>
> **III A. 7** - Producing Documents Subject to Objection. **When the scope of the document production is narrowed by one or more objections, this fact and the nature of the documents withheld should be asserted explicitly for that request**.
>
> **III A. 8** - When Production Is Limited by Interpretation. If a party objects to a request as overbroad when a narrower version of the request would not be objectionable, **the documents responsive to the narrower version ordinarily should be produced without waiting for a resolution of the dispute over the scope of the request. When production is limited by a party's objection, the producing party should clearly describe the limitation in its response**.

Middle District Discovery (2015) at 12-13.

As such, the discovery sought is relevant and subject to discovery due the fact the request directly relates to Plaintiff's allegation that Defendant Thrive is a "direct competitor." Specifically, Thrive markets itself as a company specializing in skilled pediatric care, with Defendant Tinklenberg specializing in pediatric ventilators. Accrodingly, if Plaintiff does not engage in such line of business in certain geographic locations, Plaintiff's allegations are baseless. Yet, Plaintiff has objected as to relevance without suggesting how or why the documents or information sought is not relevant, or how the scope of this request should be more narrowly and appropriately defined. Further, Plaintiff has failed to state specifically how the objected-to request is unreasonable or otherwise unduly burdensome. In addition, the parties have agreed to a confidentiality agreement and Defendant's counsel even suggested that all patient names and identifiable information be redacted, but Plaintiff still fails to provide such information. Based on the foregoing, Defendant seeks an order compelling Plaintiff to fully respond to Request for Production #10.

    **iii.    Request for Production #15**

<u>RFP No. 15 and Lincare's Response:</u>

> Please provide any and all communications between and among Steve Bower, Greg McCarthy, and or any other individual regarding or discussing Tinklenberg, from January 1, 2020 to the filing of the Complaint.
>
> *<u>PLAINTIFF'S RESPONSE:</u> Plaintiff objects to this request on the grounds that request for any and all communications between every individual regarding or discussing Tinklenberg over a five- month period seeks documents that are not relevant to any issue in this case, let alone issues relevant to the motion for preliminary injunction, and therefore imposes a burden that is disproportionate to the needs of the case and inconsistent with the Joint Expedited Discovery Plan. Plaintiff also objects to the request on the grounds that it seeks production of documents protected from discovery by the attorney-client privilege and the attorney work-product doctrine.*

**DEFENDANT'S ARGUMENT**: This Response is deficient because it fails it to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. The Response contains improper boilerplate objections without a full, fair explanation particular to the facts of the case. *Gibson v. Resort at Paradise Lakes, LLC*, 2017 U.S. Dist. LEXIS 186528, at *9 (M.D. Fla. Jan. 26, 2017) (overruling boilerplate objections of vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence and ordering amended responses to requests for production). Further, such vague objections were provided even after Defendant narrowed the request to five months and conversation involving two identified individuals. As such, Plaintiff has waived objections to the discovery sought because boilerplate or general objections constitute a waiver of the discovery sought. See *Spencer v. City of Orlando, Florida*, 2016 U.S. Dist. LEXIS 12234, at *4 (M.D. Fla. Feb. 2, 2016) (concluding that objections that are "are too vague and nonspecific" fail to "preserve any objection to the requested discovery").

Likewise, similar to the argument regarding Request #10 the discovery sought is relevant and necessary because this request directly relates to Plaintiff and two individuals whom she directly dealt with during her separation from Lincare, including discussions regarding her bonuses (see response to Request to Production #10).  Further, in responses to Interrogatory #1, Plaintiff listed Steve Bower as someone with "personal knowledge concerning any of the issues in this lawsuit." Accordingly, Plaintiff has objected as to relevance without suggesting how or why the documents or information sought is not relevant, or how the scope of this request should be more narrowly and appropriately defined. Finally, if such documents are subject to privilege,

as raised in Plaintiffs objection, Plaintiff must comply with Fed. R. Civ. P. 26(b)(5)(ii), which requires that Plaintiff:

> describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Based on the foregoing, Defendant seeks an order compelling Plaintiff to fully respond to Request for Production #15.

## IV. CONCLUSION

Based on the foregoing, Tinklenberg's Motion should be granted. TINKLENBERG also seeks its reasonable expenses, including its attorneys' fees, in connection with this Motion, to the extent the Motion is granted, because of Plaintiff's unjustified refusals to cooperate on the most basic discovery requirements. Fed. R. Civ. P. 37(a)(5)(A).

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned hereby certifies that he confered with opposing counsel via telephone on Friday, June 12, 2020 and counsel for Plaintiff specifically indicated that Plaintiff would not supplement its discovery responses as requested by Defedant.

Dated this 15th day of June 2020.

*/s/ Jeffrey W. Gibson*
**Jeffrey W. Gibson, Esq.**
Florida Bar Number: 568074
**Thomas R. Farrior, Esq.**
Florida Bar Number: 111965
Primary email:    jg@macfar.com
                         trf@macfar.com
Secondary email:  ala@macfar.com
                         gmt@macfar.com

**MACFARLANE FERGUSON & MCMULLEN**
One Tampa City Center
Suite 2000

201 North Franklin Street
Tampa, FL 33602
Telephone: (813) 273-4200
Facsimile: (813) 273-4396
Attorneys for Defendant, Esther D. Tinklenberg

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically with the Clerk of Court by using the *CM/ECF* system and via email to John D. Mullen, Esq., PHELPS DUNBAR LLP, john.mullen@phelps.com; Blake R. Bailey, Esq., blake.bailey@phelps.com, 100 South Ashley Drive, Suite 2000, Tampa, FL 33601-1288, , on this 15th day of June, 2020.

*/s/ Jeffrey W. Gibson*
**Jeffrey W. Gibson, Esq.**
Florida Bar Number 0568074