UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINCARE INC.

     Plaintiff,

v.                                           Case No. 8:20-cv-1002-T-02AAS

ESTHER D. TINKLENBERG,

     Defendant,

_____/

## ORDER

Third party Thrive Skilled Pediatric Care (Thrive) moves to quash a subpoena duces tecum that Lincare Inc. served on it. (Doc. 49). Lincare opposes the motion. (Doc. 52). For the reasons below, Thrive's motion to quash the subpoena is denied.

**I.    BACKGROUND**

Lincare sued Ms. Esther Tinklenberg for breach of contract and misappropriation of trade secrets. (Doc. 1). Ms. Tinklenberg worked for Lincare and entered into a Key Employee Agreement in 2013. (*Id.* at ¶ 1). The Key Employee Agreement included, among other things, non-competition, non-solicitation, and confidentiality provisions. (*Id.* at ¶ 15–18). In early 2020, Ms. Tinklenberg accepted employment with Thrive, which Lincare alleges engages in the same line of business as Lincare. (*Id.* at ¶ 28). As a result of her employment with Thrive, Lincare alleges Ms. Tinklenberg breached her Key Employee Agreement and has misappropriated Lincare's trade secrets. (*Id.* at ¶ 24–42).

Lincare sought a preliminary injunction to enforce the Key Employee Agreement. (Doc. 9). The court granted in part and denied in part Lincare's motion for preliminary injunction. (Doc. 41). The injunction restrained and enjoined Ms. Tinklenberg and any party in active participation with her from engaging in similar business she had done at Lincare and disclosing Lincare's confidential information, along with other restrictions. (*Id.* at pp. 19–21).

On September 8, 2020, Lincare served a subpoena duces tecum on Thrive to determine whether Thrive and Ms. Tinklenberg are complying with the court's injunction. (Doc. 52, pp. 3–4). Lincare's subpoena requested Thrive provide documents addressing Ms. Tinklenberg's role at Thrive. (Doc. 52-4). The subpoena required Thrive provide the documents at Lincare's attorney's office in Southlake, Texas by September 30, 2020. (Doc. 52-5).

Thrive now moves to quash the subpoena because it is overbroad, imposes an undue burden on Thrive, and seeks confidential business and trade secret information.[1] (Doc. 49). Lincare argues the subpoena seeks relevant documents to determine whether Ms. Tinklenberg and Thrive are complying with the court's injunction. (Doc. 52). Lincare argues the information provided from Thrive about Ms.

---

[1] Thrive also argued Lincare should not have served the subpoena because Lincare and Ms. Tinklenberg had not meet for their case management conference, the parties had not stipulated to seek discovery before that conference, and the court had not entered an order allowing the parties to seek discovery. (Doc. 49, pp. 9–10). Although the parties should not have been seeking discovery before the case management conference, the court entered a case management conference on October 1, 2020. (Doc. 51).

Tinklenberg's new role is vague and provides no substantive information. (*Id.*).

## II.  ANALYSIS

Under Rule 45, the "court for the district *where compliance is required* must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A) (emphasis added).

Rule 45 distinguishes between an "issuing court" and the "court of compliance." *See* Fed R. Civ. P. 45(a)(2), (c)(2)(A). Under Rule 45, a subpoena must be issued by the court where the underlying action is pending, but the place for compliance for the "production of documents" is "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed R. Civ. P. 45(a)(2), (c)(2)(A). "Under the 2013 amendments to Federal Rule of Civil Procedure 45, the district court with jurisdiction to enforce and to quash subpoenas is the 'court for the district where compliance is required,' which may or may not be the court that issued the subpoena." *Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.*, No. 6:14-CV-203-ORL-41TBS, 2014 WL 4279073, at *1 (M.D. Fla. Aug. 28, 2014) (quoting Fed. R. Civ. P. 45(d)(1), (d)(3), (g)).

Here, Lincare's subpoena requires compliance in Southlake, Texas. Because Thrive seeks to quash Lincare's subpoena, Thrive must pursue this motion in the district court where compliance is required. *See Elite Mitigation Servs., LLC v.*

*Westchester Surplus Lines Ins. Co.*, No. 5:19-cv-381-TKW/MJF, 2020 WL 6127079, at *2 (N.D. Fla. May 1, 2020); *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 1722481, at *3–4 (S.D. Fla. Apr. 15, 2015). *See also Woods ex rel. U.S. v. SouthernCare, Inc.,* 303 F.R.D. 405, 406 (N.D. Ala. 2014) ("[C]hallenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required."). However, if the court of compliance did not issue the subpoena, "it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

### III.   CONCLUSION

Because compliance is required in the Northern District of Texas,[2] Thrive's motion to quash Lincare's subpoena (Doc. 49) is **DENIED without prejudice** to being filed in the Northern District of Texas.

**ORDERED** in Tampa, Florida on November 4, 2020.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[2] A search of the Northern District of Texas's court website shows that the venue for Southlake, Texas is the Fort Worth Division, Northern District of Texas. *See Locate Venue by City or County*, United States District Court Northern District of Texas, http://www.txnd.uscourts.gov/city-data/tarrant-county (last accessed Nov. 3, 2020).